**YU RONG ZHU, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney**

---

**General,\* Respondent.**

**No. 07–1415–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 5, 2009.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Peter D. Keisler, Asst. Atty. General; Carl H. McIntyre, Assistant Director; Susan Houser, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Yu Rong Zhu, a native and citizen of the People's Republic of China, seeks review of a March 14, 2007 order of the BIA denying her motion to reopen. *In re Yu Rong Zhu,* No. A076 505 519 (B.I.A. Mar. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

We conclude that the agency did not abuse its discretion in denying Zhu's untimely motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). While Zhu argues that the BIA failed to consider her evidence that the implementation of the family planning policy had worsened since her last hearing, that argument is unavailing, as the BIA considered her evidence and reasonably concluded that "fluctuations in China's enforcement of its 'one-child policy' have long been a feature." *See Jian Shao*, 546 F.3d at 148, 156–57.

Zhu also argues that pursuant to *Xiao Kui Lin v. Mukasey*, 553 F.3d 217, 221 (2d Cir.2009), the BIA engaged in impermissible speculation when it found that she did not establish that she would return to China with her children. However, the BIA reasonably found that Zhu failed to establish her *prima facie* eligibility for relief because nothing in the record indicated that her U.S. citizen children would accompany her to China rather than remain in the United States with their U.S. citizen father. *See Jian Hui Shao*, 546 F.3d at 148, 156–57; *cf. Xiao Kui Lin*, 553 F.3d at 221.

Zhu additionally asserts that her case should be remanded pursuant to *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006), and *Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48 (2d Cir.2007). However, we will not remand to the BIA for consideration of evidence that was not contained in the administrative record. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir.2007). Lastly, Zhu's argument that the BIA violated her due process rights by failing to consider her successive asylum application fails under

*Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir.2008), because Zhu does not have a due process right in seeking a discretionary grant of a motion to reopen. *See id.* at 156–57.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).